# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLESS LEE HANN JR.,

    Plaintiff,

v.                                                                                                           Case No. 19-11688

GRETCHEN WHITMER and
JOSEPH GASPER,

    Defendants.
_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND SUMMARILY DISMISSING CASE

Pending before the court is Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2.) A court may authorize a party to commence, prosecute, or defend an action or proceeding "without prepayment of fees" where the person submits an affidavit stating that they are unable to pay the fees associated with the case. 28 U.S.C. § 1915(a)(1). Whether to grant or deny an application to proceed IFP is within the discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004). For the reasons that follow in this order, the court will grant Plaintiff's application but will summarily dismiss the complaint.[1]

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

---

[1] Based on the information provided in Plaintiff's financial affidavit, it is a close question whether he has sufficent funds to pay the filing fee in this case. But as explained below, Plaintiff cannot individually litigate the claims he attempts to bring. The court will grant his motion and summarily dismiss the case as opposed to requiring Plaintiff to pay the filing fee only to then dismiss the case for failure to state a claim.

Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff challenges the constitutionality of the 2011 and 2013 amendment to Michigan's Sex Offender Registration Act ("SORA"). This is the very issue presently being litigated in the certified class action, *Does v. Snyder*, No. 16-cv-13137 ("*Does II*"). Based on the allegations in the complaint, Plaintiff is a member of the *Does II* class, which the court certified pursuant to Federal Rule of Civil Procedure 23(b)(2). As a member of this class, Plaintiff has no right to opt-out of the class or separately litigate his claims because doing so would create the potential for inconsistent judgments. *See Walmart-Stores, Inc. v. Dukes*, 564 U.S. 338, 361 (2011). Any injunctive relief issued in *Does II* will be binding on Plaintiff. Moreover, Defendants are immune to monetary damages under the Eleventh Amendment. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Because Plaintiff is a member of the certified *Does II* class, he cannot separately litigate his claims and the complaint must be dismissed. Accordingly,

2

IT IS ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-11688.HANN.grant.ifp.HEK.docx